**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JOHNNY SADDLER** **PETITIONER**

**v.** **No. 1:26-cv-198-RPC-DAS**

**STATE OF MISSISSIPPI** **RESPONDENT**

**ORDER TRANSFERRING CASE TO THE**
**FIFTH CIRCUIT COURT OF APPEALS**

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. Johnny Saddler has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. The petitioner was convicted as a habitual offender in the Circuit Court of Lowndes County for touching of a child for lustful purposes/fondling and sentenced to life without parole on September 5, 2018.

The petitioner has filed another unsuccessful § 2254 motion concerning the same conviction which he now seeks to challenge. *See Johnny Lee Saddler v. Burl Cain, et al*., 1:21-cv-160-SA-DAS.

The Antiterrorism and Effective Death Penalty Act requires that before a district court accepts a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) This case is **CLOSED.**

**SO ORDERED**, this, the 15th day of September, 2026.

Robert P. Chamberlin

**UNITED STATES DISTRICT JUDGE**